IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DIRECTV, INC.,

           Plaintiff,

v.                                          CIVIL ACTION NO. 2:03-2381

DELORES FARLEY,

           Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pursuant to this court's Memorandum Opinion and Order, dated February 25, 2005, counsel for the plaintiff, DIRECTV, submitted to the court an affidavit and time sheets detailing the attorneys' fees and costs incurred in the prosecution of this action. DIRECTV's counsel reports fees and costs in the amount of $55,318.52. The court has reviewed such fees and **FINDS** that they are unreasonable.

Although the court is required to award attorneys' fees to DIRECTV, the determination of the fee amount is left to the court's discretion. *DIRECTV v. Huynh*, 318 F. Supp. 2d 1122, 1130 (M. D. Ala. 2004). As the court noted in *DIRECTV v. Mitchell*, 2004 U.S. Dist. LEXIS 22570 (E. D. Va. 2004), "in the Fourth Circuit, the amount of attorneys' fees is calculated using the 'lodestar' approach. This requires calculation of a total amount of fees by multiplying the reasonable number of hours worked by the reasonable hourly rate." *See also Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). In the present case, the court is unable to consider the reasonableness of the fees using the lodestar method, because the affidavit and time sheets

contain no explanation of, or justification for, counsels' hourly rate. As explained below, however, the court **FINDS** that any award of fees and costs in excess of $10,000 would be unreasonable in this case.

Although counsel for DIRECTV litigated this matter from November 21, 2003 until February 15, 2005, a total of roughly 15 months, the fees and costs requested are unreasonable in light of the circumstances of the case. In *DIRECTV v. Hamilton*, 215 F.R.D. 460, 463 (S.D.N.Y. 2003), the court was faced with a similarly unreasonable fee request following a successful case brought by DIRECTV. In that case, the court noted that "I . . . cannot conclude that the amount requested represents a reasonable fee. In the first instance, plaintiff failed to provide information as to the specific hourly rates charged or the justification therefor. Additionally, based upon the Court's experience with cases of this nature, I am persuaded that these types of cases are routine, straightforward and do not require extensive research." *Id.* at 463. The *Hamilton* court reduced the requested attorneys' fee amount from $11,245.12 to $1,500.00. *Id.* Similarly, in *DIRECTV v. Huynh*, the court concluded that "this case presented no particularly complicated legal issues . . . . DIRECTV's attorneys in this case are handling a large number of cases practically identical to the present case all over the country, giving its attorneys a large pool of experience from which to draw." *Id.* at 1130.

In their affidavit of fees and costs, counsel for DIRECTV provide an explanation for the time billed and costs incurred, but do not identify or explain the hourly rate. In addition, DIRECTV does not appear to have accounted for the "economy of scale" that other courts have recognized as a factor in these cases. Although counsel for DIRECTV filed a complaint, motion to strike, response to the defendant's motion to dismiss, motion for summary judgment and two

motions related to discovery matters, these motions were all relatively short and counsel for DIRECTV were clearly able to draw upon the research and format of motions and pleadings that they have filed in other DIRECTV cases, both before this court and around the country. Counsel for DIRECTV handle a number of these cases, which are all similar in their development, evidence, research, and filings. For example, on January 25, 2005, shortly before the trial in the present case, the very same counsel presented an almost identical case before this court in the matter of *DIRECTV v. Norris*, Civil Action Number 2:04-140. At the trial in both the Norris and Farley matters, counsel for DIRECTV presented nearly identical evidence, drew upon the same expert and same expert testimony, and even presented nearly identical trial books containing overlapping exhibits. This court awarded counsel for DIRECTV $22,320.51 in fees and costs following the conclusion of the Norris bench trial. Any award above $10,000 for the present case would be unreasonable in light of the duplicative nature of counsels' representation.

The court suspects that the hourly rate charged may also be unreasonable in light of the circumstances of the case–however, because the itemized documents only provide monthly billing totals, it is impossible to ascertain precisely the hourly fee charged by the attorneys involved. The court does not point this out to impugn the integrity of counsel, but simply to demonstrate that a proper lodestar calculation is impossible in this case. Given the similarity between the development, pleadings, and even trial testimony in this and other DIRECTV cases, the court **FINDS** that any award in excess of $10,000 is unreasonable.

Accordingly, the court **ENTERS** judgment against the defendant in the amount of $10,000, reflecting the reasonable fees and costs. This judgment is in additional to the judgment of $45,000 imposed by the court's order dated February 25, 2005, which reflects the defendant's

liability to DIRECTV for violations of 47 U.S.C. §§ 605(a) and 604(e)(4), and 18 U.S.C. 2511(a).

In accordance with the court's Memorandum Opinion and Order, dated February 25, 2005, the court **ORDERS** that judgment be entered in favor of the plaintiff, DIRECTV, as to the defendant's liability pursuant to 47 U.S.C. §§ 605(a) and 604(e)(4), and 18 U.S.C. 2511(a), in the sum of $45,000, plus an additional $10,000, which represents the reasonable attorney's fees and costs incurred by DIRECTV. The court further **ORDERS** that this case be dismissed and stricken from the docket

The court **DIRECTS** the Clerk to send a certified copy of this Written Opinion and Judgment Order to counsel of record and any unrepresented parties.

ENTER: May 6, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE